IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, and GECPAC INVESTMENT II, INC., a Delaware corporation.<br><br>        Plaintiffs,<br><br>v.<br><br>JLT AIRCRAFT HOLDING COMPANY, LLC, a Minnesota limited liability company, AIRCRAFT NO. 1074 COMPANY, LLC, a Minnesota limited liability company, and GERALD L. TROOIEN, an individual and citizen of Minnesota,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _09-cv-1200 JNE/AJB_ |

## <u>AFFIDAVIT OF DOBY A. ROSE</u>

I, Doby A. Rose, first being duly sworn, on oath states:

1.      I am a resident of the State of California and maintain an office in the offices of

General Electrical Capital Corporation, 4 Park Plaza, Suite 1400, Irvine, California, 92614-8560.

I am employed by General Electrical Capital Corporation as a Vice President, Global

Restructuring Solutions, GE Capital Solutions.   Plaintiffs GECPAC Investment II, Inc. and

General Electrical Capital Corporation are affiliates whose interest are fully aligned and both

entities are referred to herein as "GE Capital."

2.      I make this affidavit of my own personal knowledge and could, if called as a

witness, testify competently to each fact set forth herein.

3.      As a duty of my employment by GE Capital, I have personal charge of the loan

and lease accounts maintained by GE Capital, with respect to JLT Aircraft Holding Company,

LLC. ("JLT"), Aircraft No. 1074 Company, LLC. ("No. 1074"), and Gerald L. Trooien,

("Trooien").  I am charged with maintenance of contractual and other documentation maintained

by GE Capital in the ordinary course of its business relating to such accounts, and with recording or tracking the recordation of all payments and other ongoing transactions relating thereto. I certify that all recording or tracking of payments and other transactions relating to the above referenced accounts were made at or near the time of the occurrence by a person with knowledge of the transaction, and that all records relating to these accounts referenced herein were kept in the ordinary course of GE Capital's business and as a regular practice of GE Capital.

4.      I certify that that the documents attached to the Verified Complaint as Exhibits "A" through "N" were all made at or near the time in which they are so dated, and that these documents were promptly digitized into GE Capital's computer system where they are indexed and stored. I further certify that GE Capital maintains these documents in the course of GE Capital's business and as a regular practice of GE Capital.

5.      JLT and No. 1074 failed to make payments on their accounts with GE Capital referenced in the Verified Complaint as those payments became due in April and May 2009.

6.      According to the books and records of GE Capital, as of May 15, 2009, for the April and May back payments, JLT owed GE Capital the sum of $244,184.86, not including accruing interest attorneys' fees, costs, and such other amounts payable by JLT under the terms of its agreements with GE Capital.

7.      According to the books and records of GE Capital, as of May 15, 2009, for the April and May back payments, No. 1074 owed GE Capital the sum of $86,090.00, not including accruing interest attorneys' fees, costs, and such other amounts payable by No. 1074 under the terms of its agreements with GE Capital.

8.      GE Capital possesses a first and prior secured interest in the Aircraft, as those Aircraft are defined in the Verified Complaint.

9. Both JLT and No. 1074 have allowed third parties to place liens on the Aircraft. True and correct copies of the lien searches performed by Daugherty Fowler Peregrin Haught & Jenson dated May 14, 2009 are attached hereto as Exhibits A and B. Verified Claims of Liens file against the Aircraft are attached to each memorandum submitted here as Exhibits A and B.

10. The Aircraft depreciate and deteriorate as a result of their continued use by JLT and No. 1074, with no commensurate value being conferred to GE Capital in the form of payments due and owing from JLT and No. 1074.

11. GE Capital has performed all its obligations under its agreements with JLT and No. 1074, and GE Capital is ready, wiling, and able to perform under those agreements.

12. Based upon GE Capital best knowledge and belief, the Aircraft are located at the St. Paul Downtown Airport, Saint Paul, Ramsey County, Minnesota.

13. On May 18, 2009, GE Capital received an e-mail from Trooien indicating that he intended to redeploy or sell the Aircraft. Redeploying the Aircraft would involve chartering and sub-leasing which would further encumber the Aircraft and almost certainly mean that the Aircraft would be removed from this Court's jurisdiction. A true and correct copy of this e-mail from Trooien dated May 18, 2009, is attached hereto as Exhibit C.

FURTHER AFFIANT SAYETH NOT.

Subscribed and sworn to before me this _20_ day of May, 2009.



Doby A. Rose

Notary Public

LAURA M. MCLELLAND
Commission # 1618607
Notary Public - California
Orange County
My Comm. Expires Nov 3, 2009

# AFFIDAVIT
# EXHIBIT A



*Daugherty•Fowler•Peregrin•Haught & Jenson*

A PROFESSIONAL CORPORATION

204 North Robinson, Suite 900
Oklahoma City, Oklahoma 73102
Telephone: 405.232.0003
Facsimile: 405.232.0865
E-mail: dfphj@dfphj.com

# MEMORANDUM

<u>VIA E-MAIL</u>

TO:   Liz Dial

FROM:   Dewieta F. Carter, Senior Paralegal

DATE:   May 14, 2009

RE:   Aircraft N272JC
(Our File: 8221.209100)

We have examined such records of the Aircraft Registry of the Federal Aviation Administration (the "FAA") as were made available to us through the indices as of the close of business on May 13, 2009. The information is subject to the accuracy of FAA personnel in the performance of their duties and the possible existence of liens which are perfected without the filing of notice thereof with the FAA. This memorandum does not cover any period or periods of time during which N272JC has not been subject to United States registration.

I.   Description of Aircraft:

A.   Airframe: Israel Aircraft Industries Ltd. model G200 aircraft bearing manufacturer's serial number 054 (shown on the IR as GULFSTREAM model IAI Ltd. Gulfstream 200 (G200) aircraft bearing manufacturer's serial number 54) and U.S. Registration No. N272JC.

B.   Engines: Pratt & Whitney Canada model PW306A aircraft engines bearing manufacturer's serial numbers PCE-CC0109 and PCE-CC0110 (shown on the IR as PRATT & WHITNEY CANADA model PW300 SERIES aircraft engines bearing manufacturer's serial numbers CC0109 and CC0110) (which engines are 550 or more rated takeoff horsepower or the equivalent thereof).

1

C. Propellers: None

II. Registered Owner: JLT Aircraft Holding Company, LLC.

III. Encumbrances:

A. N272JC is free and clear of liens and encumbrances of record except as created by the following:

1. Security Agreement dated as of December 28, 2001 by and between JLT Aircraft Holding Company, LLC, as borrower, and The CIT Group/Equipment Financing, Inc., as secured party, which was recorded by the Federal Aviation Administration on March 26, 2002 and assigned Conveyance No. RR025748, as supplemented, assigned and amended by the following described instruments:

| Instrument | Date of Instrument | FAA Recording Date | FAA Conveyance No. |
|---|---|---|---|
| Security Interest Assignment Agreement between The CIT Group/Equipment Financing, Inc., as assignor, and GECPAC Investment II, Inc., as assignee | as of 06/30/05 | 07/19/05 | U086669 |
| Amendment No. 1 to Security Agreement | as of 12/22/05 | 05/16/06 | U088637 |

2. Collateral Assignment of Leases and Rents and Security Agreement dated December 28, 2001 by and between JLT Aircraft Holding Company, LLC, as borrower, and The CIT Group/Equipment Financing, Inc., as lender, which was recorded by the Federal Aviation Administration on March 26, 2002 and assigned Conveyance No. RR025750., as supplemented and assigned by the following described instrument:

| Instrument | Date of Instrument | FAA Recording Date | FAA Conveyance No. |
|---|---|---|---|
| Security Interest Assignment Agreement between The CIT Group/Equipment Financing, Inc., as assignor, and GECPAC Investment II, Inc., as assignee | as of 06/30/05 | 07/19/05 | U086669 |

2

3.    Aircraft Security Agreement dated as of November 9, 2006 between General Electric Capital Corporation, as secured party, and JLT Aircraft Holding Company, LLC, as debtor, which was recorded by the Federal Aviation Administration on December 14, 2006 and assigned Conveyance No. N006701.

4.    Claim of Lien Pursuant to Texas Statutes dated September 20, 2007 by Phoenix Fuel LLC, which was recorded by the Federal Aviation Administration on October 10, 2007 and assigned Conveyance No. M010328 (a copy of which is attached hereto for your convenience).

5.    Verified Claim of Lien Pursuant to Texas Statutes dated October 5, 2007 by Colt International, Inc., which was recorded by the Federal Aviation Administration on October 25, 2007 and assigned Conveyance No. LL023258 (a copy of which is attached hereto for your convenience).

6.    Notice of Claim of Lien dated October 10, 2007 by Mariah Fuels, which was recorded by the Federal Aviation Administration on October 25, 2007 and assigned Conveyance No. LL023259 (a copy of which is attached hereto for your convenience).

7.    Claim of Lien dated April 10, 2007 by Duncan Aviation, Inc., which was recorded by the Federal Aviation Administration on April 21, 2009 and assigned Conveyance No. CD002480 (a copy of which is attached hereto for your convenience).

8.    Verified Claim of Lien Pursuant to Michigan Statutes dated April 27, 2009 by AVFUEL Corporation, which was recorded by the Federal Aviation Administration on May 13, 2009 and assigned Conveyance No. JP000159 (a copy of which is attached hereto for your convenience).

9.    Lien Assessment for Fuel and Ground Services dated May 6, 2009 by Universal Weather and Aviation, Inc., which was recorded by the Federal Aviation Administration on May 13, 2009 and assigned Conveyance No. JP000160 (a copy of which is attached hereto for your convenience).

B.    Pratt & Whitney Canada PW306A engines PCE-CC0109 and PCE-CC0110 are free and clear of liens and encumbrances of record except as created by the following:

1.    Security Agreement dated as of December 28, 2001 by and between JLT Aircraft Holding Company, LLC, as borrower, and The CIT Group/Equipment Financing, Inc., as secured party, which was recorded by the Federal Aviation Administration on March 26, 2002 and assigned Conveyance No. RR025748, as supplemented, assigned and amended by the following described instruments:

| Instrument | Date of Instrument | FAA Recording Date | FAA Conveyance No. |
|---|---|---|---|
| Security Interest Assignment Agreement between The CIT Group/Equipment Financing, Inc., as assignor, and GECPAC Investment II, Inc., as assignee | as of 06/30/05 | 07/19/05 | U086669 |
| Amendment No. 1 to Security Agreement | as of 12/22/05 | 05/16/06 | U088637 |

2.    Collateral Assignment of Leases and Rents and Security Agreement dated December 28, 2001 by and between JLT Aircraft Holding Company, LLC, as borrower, and The CIT Group/Equipment Financing, Inc., as lender, which was recorded by the Federal Aviation Administration on March 26, 2002 and assigned Conveyance No. RR025750., as supplemented and assigned by the following described instrument:

| Instrument | Date of Instrument | FAA Recording Date | FAA Conveyance No. |
|---|---|---|---|
| Security Interest Assignment Agreement between The CIT Group/Equipment Financing, Inc., as assignor, and GECPAC Investment II, Inc., as assignee | as of 06/30/05 | 07/19/05 | U086669 |

3.    Aircraft Security Agreement dated as of November 9, 2006 between General Electric Capital Corporation, as secured party, and JLT Aircraft Holding Company, LLC, as debtor, which was recorded by the Federal Aviation Administration on December 14, 2006 and assigned Conveyance No. N006701.

IV.    Defects: None

4

V. Other:

A. On April 22, 2009 the FAA received that certain Claim of Lien dated April 9, 2009 by Jet Parts, Inc., which has not yet been reviewed or recorded by the FAA as of the date of this Memorandum (a copy of which is attached hereto for your convenience).

B. On May 13, 2009 the FAA received that certain Verified Claim of Lien pursuant to Texas Statutes dated May 8, 2009 by Colt International LLC, which has not yet been reviewed or recorded by the FAA as of the date of this Memorandum (a copy of which is attached hereto for your convenience).

VI. International Registry:

We have also examined such records of the International Registry ("IR") as made available to us on May 8, 2009 and May 13, 2009 created pursuant to, and according to the provisions of, the Convention on International Interests in Mobile Equipment, the Protocol to the Convention on International Interests in Mobile Equipment on Matters Specific to Aircraft Equipment, both signed in Cape Town, South Africa on November 16, 2001, together with the Regulations for the International Registry, the International Registry Procedures and all other rules, amendments, supplements and revisions thereto (collectively, the "CTT"), all as in effect on this date in the United States of America, as a Contracting State, and based upon such examination we find that the IR descriptions of the Airframe and the Engines are subject to the following registered international interests which have not been discharged:

   (i)    International Interest registered November 9, 2006 between JLT Aircraft Holding Company, LLC, as Debtor, and General Electric Capital Corporation, as Creditor, with respect to N272JC, which was assigned IR File No. 48007 (N272JC was free-text on the IR as GULFSTREAM model IAI Ltd. Gulfstream 200 (G200), serial number 54);

   (ii)   International Interest registered November 9, 2006 between JLT Aircraft Holding Company, LLC, as Debtor, and General Electric Capital Corporation, as Creditor, with respect to Engine CC0109, which was assigned IR File No. 48009; and,

   (iii)  International Interest registered November 9, 2006 between JLT Aircraft Holding Company, LLC, as Debtor, and General Electric Capital Corporation, as Creditor, with respect to Engine CC0110, which was assigned IR File No. 48013.

In examining the IR records, we have assumed that:

(i)     the information contained in the priority search certificates attached hereto is accurate in all respects;

(ii)    the information in the priority search certificates has not been altered since the date of such priority search certificates;

(iii)   the priority search certificates contain all the registered information and data on the IR in connection with the Airframe and the Engines;

(iv)    the priority search certificates contain all the registered information and data on the IR in connection with the Airframe and the Engines to which they relate; and,

(v)     there has been no subordination or variation of any priority that would be acquired pursuant to the terms of the CTT in connection with the registrations on the IR evidenced by the priority search certificates other than pursuant to any subordination indicated on the priority search certificates.

<div align="center">Dewieta F. Carter</div>

DFC\ms

Prepared by and when recorded return to:
Aviation Law Center
296 McLaws Circle, Suite 1
Williamsburg, VA 23185

## CLAIM OF LIEN CONVEYANCE RECORDED

### Pursuant to Texas Statutes 2007 OCT 10 AM 11 55

PHOENIX FUEL LLC ("Claimant") hereby claims a lien in the following aircraft: ATION
ADMINISTRATION

| | |
|---|---|
| **AIRCRAFT:** | **IAI GALAXY** |
| **REGISTRATION NUMBER:** | **N54AX** |
| **SERIAL NUMBER:** | **54** |
| **REGISTERED OWNER:** | **JLT Aircraft Holding Co. LLC**<br>**c/o JLT Group Inc.**<br>**10 River Park Plaza   Suite 800**<br>**St. Paul, Minnesota 55107** |

This claim is for improvements, enhancements, materials and/or labor, including fuel and lubricants ("Services") in the principal amount of $5,364.28, plus late fees and attorney's fees. The date of last Services was 12 September 2007. Services were authorized by Dave Stephen and others. Claimant is not in possession of the aircraft.

*This amount increases $1.79 daily from 12 September 2007, until paid in full.

Claimant:
**PHOENIX FUEL LLC**
304 Coffeen Avenue
Sheridan, Wyoming 82801

By

072671038149
$5.00 09/24/2007

Title: _Senior Credit Manager_

Telephone : 307.673.7000
Dated:  20 September 2007

State of Wyoming
County of Sheridan, to wit:

Subscribed and sworn to before me
on 20 September 2007.

_Eileen E. Berning_
Notary Public
My commission expires _8/12/2011_.

EILEEN E. BERNING - NOTARY PUBLIC
County of          State of
Sheridan          Wyoming
My Commission Expires 8/12/2011

LL023258

Prepared by:
Aviation Law Center
295 McLaws Circle, Suite One
Williamsburg, VA 23185
Tel.: 757.229.0557

CONVEYANCE RECORDED

## VERIFIED CLAIM OF LIEN
2007 OCT 25 AM 9 46

### Pursuant to Texas Statutes

FEDERAL AVIATION
ADMINISTRATION

Colt International, Inc. ("Claimant") hereby claims a lien in the following aircraft:

| | |
|---|---|
| **AIRCRAFT:** | IAI Galaxy |
| **REGISTRATION NUMBER:** | N54AX |
| **SERIAL NUMBER:** | 54 |
| **REGISTERED OWNER:** | JLT Aircraft Holding Co. LLC<br>c/o JLT Group Inc.<br>10 River Park Plaza Suite 800<br>St. Paul, Minnesota 55107 |

This claim is for improvements, enhancements, materials and labor, including fuel, lubricants and/or services ("Services") furnished in the principal amount of $10,516.09, plus late fees and attorney's fees. The date of last Services was 10 September 2007. Services were authorized by Dave Stephen and others. Claimant is not in possession of the aircraft.

*This amount increases $1.75 daily from 4 September 2007, until paid in full.

Claimant:
**COLT INTERNATIONAL, INC.**
300 Flint Ridge Road
Webster, Texas 77598
Telephone No.: 281.280.2100

By: _____

Title: _President_

Dated: 5 October 2007

072831151204
$5.00 10/10/2007

State of Texas
County of Harris, to wit:

Subscribed and sworn to before me
on 5 October 2007.

_____
Notary Public
My commission expires   7-18-11



LEAH K. BLACKWELL
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
07-18-2011

Please return to:
Hunter H. Chamberlin, Esq.
The Robbins Law Firm, P.A.
2639 Dr. M.L. King, Jr. St. N.
St. Petersburg, FL 33704

CONVEYANCE RECORDED

## Notice of Claim of Lien

2007 OCT 25 AM 9 49

Pursuant to 49 USCS 44107 et seq., and in compliance with Florida Statutes 329.01 and 329.41, the undersigned secured party hereby requests the Federal Aviation Authority Record an Aircraft Claim of Lien against the aircraft described below.

Amount of the Claim:          $3,935.01

Description of the Aircraft:
    Registration:          N54AX
    Manufacturer:       ISRAEL AIRCRAFT INDUSTRIES
    Model:                   GALAXY
    Serial No.              054

Owner:                          JLT Aircraft Holding Co LLC

Date of last Services:          September 7, 2007

Pursuant to the requirements of the Federal Aviation Authority, a check for the recording fee of $5.00 is included.

**Mariah Fuels**

By _____ CFO

SWORN TO AND SUBSCRIBED
before me this _10_ day of
October, 2007, by _Jonathan Hadik_,
who stated that he/she signed this Affidavit in his/her
capacity as the _CFO_ of Mariah Fuels, LTD., a
Texas limited partnership corporation, and who is personally
known to me or who produced _____
_____ as identification. If no type
of identification is indicated, the above-named
person is personally known to me.

072901333553
$5.00 10/17/2007

_Marilyn Tobola_
Notary Public

_MARILYN TOBOLA_
Print Name of Notary Public

MARILYN TOBOLA
My Commission Expires
March 4, 2011
(Notary Seal)

I am a Notary Public of the State of Texas, and my commission expires on _3-4-2011_



**DUNCAN AVIATION**

# CLAIM OF LIEN

SEND ACKNOWLEDGMENT TO:
Duncan Aviation, Inc.
Attn: Sandy Borgman
PO Box 81887
Lincoln, NE 68501

Debtor's Exact Full Name:

| Organization's Name: JetChoice 1 LLC | | | | |
|---|---|---|---|---|
| Mailing address 3080 Centerville Road | City Little Canada | State MN | Postal code 55117 | Country USA |
| Type of Organization Limited Liability Company | Jurisdiction of Organization MN | Organizational ID# 37432-LLC | | ☐ None |

Additional Debtor's Exact Full Name:

| Organization's Name: JLT AIRCRAFT HOLDING CO, LLC | | | | |
|---|---|---|---|---|
| Mailing address 10 River Park Plaza #800 | City St. Paul | State MN | Postal code 55107 | Country USA |
| Type of Organization Limited Liability Company | Jurisdiction of Organization MN | Organizational ID# 20825-LLC | | ☐ None |

Secured Party's Name:

| Organization's Name: DUNCAN AVIATION, INC. | | | | |
|---|---|---|---|---|
| Mailing address PO BOX 81887 | City LINCOLN | State NE | Postal code 68501 | Country USA |

This claim of lien covers the following collateral:

Aircraft registration # N272JC , Make: Israel Aircraft Industries LTD, Model: G200, Serial # 054. Last worked by Duncan Aviation in St. Paul, MN on 3/31/09. Amount due for time and work done and material furnished is $812.18. The undersigned certifies that this debt is owed to Duncan Aviation. Dated in Lincoln, Nebraska this _10_ day of _April_ , 2009, Duncan Aviation, Inc. By: _Annette Brady_
The foregoing instrument was acknowledged before me this _10_ day of _April_ , 2009 by Annette Brady, Credit Manager of Duncan Aviation, Inc. a Nebraska corporation, on behalf of the corporation.

_Linda A Smith_
Notary Public

GENERAL NOTARY - State of Nebraska
LINDA A. SMITH
My Comm. Exp. Nov. 17, 2009
Notary Seal

Duncan acct # 129714

091041331211
$5.00  04/14/2009

Prepared by:
Aviation Law Center
205 Bulifants Boulevard, Suite D
Williamsburg, VA 23188

## VERIFIED CLAIM OF LIEN

### Pursuant to Michigan Statutes

Avfuel Corporation ("Claimant") hereby claims a lien in the following aircraft:

| | |
|---|---|
| **AIRCRAFT:** | **IAI G200** |
| **REGISTRATION NUMBER:** | **N272JC** |
| **SERIAL NUMBER:** | **54** |
| **REGISTERED OWNER:** | **JLT Aircraft Holding Company LLC** <br> **c/o JLT Group Inc.** <br> **10 River Park Plaza Suite 800** <br> **St. Paul, Minnesota 55107-1222** |

This claim is for improvements, enhancements, labor and/or materials, including fuel and lubricants ("Services") furnished in the principal amount of $4,753.89, plus late fees and attorney's fees. The date of last fuel, services, materials and/or labor was 26 March 2009. Services were authorized by David Kloeber and others. Claimant is not in possession of the aircraft.

*This amount increases $2.18 daily from 25 March 2009, until paid in full.

Claimant:
**AVFUEL Corporation**
c/o Aviation Law Center
205 Bulifants Boulevard, Suite D
Williamsburg, Virginia 23188
757.229.0557

091181323472
$5.00 04/28/2009

I do hereby affirm that the facts or matters stated or recited herein are true.

By: _____

Title: CReDiT Mar

Dated: 27 April 2009

State of Michigan
County of Washtenaw, to wit:

Subscribed and sworn to before me this 27 April 2009.

_____
Notary Public
My commission expires _____.

ROYMON K. MATHEWS
NOTARY PUBLIC WASHTENAW CO., MI
MY COMMISSION EXPIRES May 28, 2994



## LIEN ASSESSMENT FOR FUEL AND GROUND SERVICES

| | |
|---|---|
| Date: | May 5, 2009 |
| Lienholder: | Universal Weather and Aviation, Inc. |
| Lienholder's Address and Phone Number: | 8787 Tallyho<br>Houston, Texas 77061<br>(713) 947-5402 |
| Description of Aircraft: | Israel Aircraft Industries Ltd.<br>Model G200<br>Serial 054<br>FAA Registry N272JC |
| Registered Owner: | JLT Aircraft Holding Co. LLC<br>c/o JLT Group Inc.<br>Attn: G. Trooien<br>10 River Park Plaza, Ste. 800<br>Saint Paul, Minnesota 55107 |
| Date on which Fuel and Ground Services last Provided: | April 22, 2009 |
| Amount Due: | $1,625.33 |

091311309364
$5.00 05/11/2009

Pursuant to Sections 70.301 and 70.303 of the Texas Property Code, a lien is hereby asserted by Lienholder against the above-described aircraft for storage, fuel, repairs and/or maintenance provided by Lienholder under a contract with Jet Choice I, LLC.

SIGNED this  6  day of _____ MAY _____, 2009.

UNIVERSAL WEATHER AND AVIATION, INC.

BY: _____
                CONTROLLER

STATE OF TEXAS §

COUNTY OF HARRIS §

BEFORE ME THE UNDERSIGNED AUTHORITY personally appeared
_James S. Coyle_, who being by me duly sworn stated that he/she
is authorized by Universal Weather and Aviation, Inc. to execute this instrument and that
the contents therein are true and correct to the best of his or her knowledge.

Notary Public in and for
State of Texas

My commission expires: _9/5/12_

AFTER RECORDING RETURN TO:

UNIVERSAL WEATHER AND AVIATION, INC.
ATTN: CREDIT DEPARTMENT
8787 TALLYHO
HOUSTON, TX 77061

# JetParts Inc.

**TO:**    FAA AIRCRAFT REGISTRY
FEDERAL AVIATION ADMINISTRATION
P.O. Box 25501
Oklahoma City, Oklahoma 73125

**FROM:**    Jet Parts, Inc.
3980 Airport Road
Building 6, Hangar 1A
Boca Raton, Florida 33431
(561) 361-1112

## CLAIM OF LIEN

1. The undersigned hereby claim a lien for labor, materials, and/or storage pertaining to Registration Number N272JC, Gulfstream 200 aircraft, Serial Number 54, the same being an aircraft registered with your office in the name of: **Jet Choice LLC**, 750 Bayfield Street, St. Paul, Minnesota, 55107.
2. The specific law under which the lien is claimed is that of Florida, including but not limited to Florida Statute TIT.25, Sec. 329.01, 329.51, 713.58.
3. The pertinent law does not require possession of the aircraft for lien retention.
4. The work on said aircraft was authorized by: **Jet Choice LLC**.
5. All labor, service and materials were last furnished within ninety (90) days of the filing of this claim of lien. The date the last labor, service and materials were furnished to said aircraft, was February 27, 2009.
6. Date work was authorized: February 25, 2009.
7. The debtor was the owner of the aircraft when the debt was incurred as shown on the FAA records.
8. Said labor, services and materials were furnished to the aircraft by the undersigned lien claimant, and the total amount claimed for said labor, services and materials is the sum of **$2,982.00**.

DATED this 9th day of April, 2009.

Jet Parts, Inc.

By _____
(Signature & Title)

State of :
County of:

On this __10__ day of __April__, 2008, before me, a Notary Public, the named signer did,personally appear, said party known to me to be the person who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed and if the said statement is made on behalf of a corporation, swore that he is duly authorized to execute the same on behalf of the corporation. Given under my hand and official seal the year and date first above written.

My Commission Expires:           **NOTARY PUBLIC**

ROSE F. LORIOCHIO
MY COMMISSION # DD 490911
EXPIRES: March 26, 2010
Bonded Thru Budget Notary Services

_____

FILED WITH FAA
AIRCRAFT REGISTRATION BR

2009 APR 22   AM 11 27

OKLAHOMA CITY
OKLAHOMA

Prepared by:
Aviation Law Center
205 Bulifants Boulevard, Suite D
Williamsburg, VA 23188
Tel.: 757.229.0567

## VERIFIED CLAIM OF LIEN

### Pursuant to Texas Statutes

Colt International LLC ("Claimant") hereby claims a lien in the following aircraft:

| | |
|---|---|
| **AIRCRAFT:** | **IAI G200** |
| **REGISTRATION NUMBER:** | **N272JC** |
| **SERIAL NUMBER:** | **54** |
| **REGISTERED OWNER:** | **JLT Aircraft Holding Company LLC**<br>**c/o JLT Group Inc.**<br>**10 River Park Plaza Suite 800**<br>**St. Paul, Minnesota 55107-1222** |

This claim is for improvements, enhancements, materials and labor, including fuel, lubricants and/or services ("Services") furnished in the principal amount of $873.78, plus late fees and attorney's fees. The date of last Services was 29 March 2009. Services were authorized by Leslie Thomas and others. Claimant is not currently in possession of the aircraft.

*This amount increases $0.15 daily from 29 March 2009, until paid in full.

Claimant:

## COLT INTERNATIONAL LLC
c/o Aviation Law Center
205 Bulifants Boulevard, Suite D
Williamsburg, Virginia 23188

091331322545
$5.00 05/13/2009

I do hereby affirm that the facts or matters stated or recited herein are true.

By: _____

Title: Vice President

Dated: 8 May 2009

State of Texas
County of Harris, to wit:

Subscribed and sworn to before me this 8 May 2009.

_____
Notary Public

CANDICE L. BRADFORD
Notary Public, State of Texas
My Commission Expires
October 05, 2011

091331322545
$4.00 05/13/2009

FILED WITH FAA
AIRCRAFT REGISTRATION BR.
2009 MAY 13 PM 1 10
OKLAHOMA CITY
OKLAHOMA

# Priority Search Certificate

Issued by

# The International Registry for International Interests
# In Mobile Equipment (Aircraft Equipment)

This certificate was created on 08 May 2009 at 21:48:28 GMT

Certificate Number: 1227256

Requested by:      DFPHJ217 of Daugherty Fowler Peregrin Haught & Jenson

Beneficiary of Priority Search Certificate:    DFPHJ

## Search Criteria

| | |
|---|---|
| Manufacturer: | PRATT & WHITNEY CANADA |
| Model designation: | PW300 SERIES |
| Manufacturer's serial number: | CC0109 |

## Search Results

The International Registry system is designed to use percentages with a maximum of six decimal places when recording fractional and partial interests in aircraft objects e.g. 12.123456%. Please consider that certain fractions cannot be fully represented within six decimal places. Percentages shown are of the full aircraft object.

| Date/time | Details of Interest | |
|---|---|---|
| | Registration | |
| 09NOV2006 | Type: | International Interest |
| 18:11:51 GMT | File number: | 48009 |
| | Debtor: | |
| | JLT Aircraft Holding Company, LLC | Contact details: frank.polk@mcafeetaft.com |
| | Creditor: | |
| | General Electric Capital Corporation | Contact details: allen.light@ge.com |

End of List

This document has been digitally signed by the Registrar and the signature has been filed.

# Priority Search Certificate

## Issued by

# The International Registry for International Interests In Mobile Equipment (Aircraft Equipment)

This certificate was created on 08 May 2009 at 21:51:23 GMT

Certificate Number: 1227258

Requested by:                                          DFPHJ217 of Daugherty Fowler Peregrin Haught & Jenson

Beneficiary of Priority Search Certificate:  DFPHJ

## Search Criteria

Manufacturer:                          PRATT & WHITNEY CANADA

Model designation:                  PW300 SERIES

Manufacturer's serial number:   CC0110

## Search Results

The International Registry system is designed to use percentages with a maximum of six decimal places when recording fractional and partial interests in aircraft objects e.g. 12.123456%. Please consider that certain fractions cannot be fully represented within six decimal places. Percentages shown are of the full aircraft object.

| Date/time | Details of Interest | |
|---|---|---|
| | Registration | |
| 09NOV2006 | Type: | International Interest |
| 18:13:09 GMT | File number: | 48013 |
| | Debtor: | |
| | JLT Aircraft Holding Company, LLC | Contact details: frank.polk@mcafeetaft.com |
| | Creditor: | |
| | General Electric Capital Corporation | Contact details: allen.light@ge.com |

End of List

This document has been digitally signed by the Registrar and the signature has been filed.

# Priority Search Certificate

Issued by

# The International Registry for International Interests In Mobile Equipment (Aircraft Equipment)

This certificate was created on 13 May 2009 at 21:58:14 GMT

Certificate Number: 1240316

| | |
|---|---|
| Requested by: | DFPHJ217 of Daugherty Fowler Peregrin Haught & Jenson |
| Beneficiary of Priority Search Certificate: | DFPHJ |

## Search Criteria

| | |
|---|---|
| Manufacturer: | GULFSTREAM |
| Model designation: | IAI Ltd. Gulfstream 200 (G200) |
| Manufacturer's serial number: | 54 |

## Search Results

The International Registry system is designed to use percentages with a maximum of six decimal places when recording fractional and partial interests in aircraft objects e.g. 12.123456%. Please consider that certain fractions cannot be fully represented within six decimal places. Percentages shown are of the full aircraft object.

| Date/time | Details of Interest | |
|---|---|---|
| | Registration | |
| 09NOV2006 | Type: | International Interest |
| 18:11:50 GMT | File number: | 48007 |
| | Debtor: | |
| | JLT Aircraft Holding Company, LLC | Contact details: frank.polk@mcafeetaft.com |
| | Creditor: | |
| | General Electric Capital Corporation | Contact details: allen.light@ge.com |

End of List

This document has been digitally signed by the Registrar and the signature has been filed.

# AFFIDAVIT
# EXHIBIT B



*Daugherty • Fowler • Peregrin • Haught & Jenson*

A PROFESSIONAL CORPORATION

204 North Robinson, Suite 900
Oklahoma City, Oklahoma 73102
Telephone: 405.232.0003
Facsimile: 405.232.0865
E-mail: dfphj@dfphj.com

# MEMORANDUM

<u>VIA E-MAIL</u>

TO:    Liz Dial

FROM:    Dewieta F. Carter, Senior Paralegal

DATE:    May 14, 2009

RE:    Aircraft N674CW (formerly N800HH)
        (Our File: 8221.209100)

We have examined such records of the Aircraft Registry of the Federal Aviation Administration (the "FAA") as were made available to us through the indices as of the close of business on May 13, 2009. The information is subject to the accuracy of FAA personnel in the performance of their duties and the possible existence of liens which are perfected without the filing of notice thereof with the FAA. This memorandum does not cover any period or periods of time during which N674CW (formerly N800HH) has not been subject to United States registration.

I.    Description of Aircraft:

A.    Airframe: Canadair Ltd. model CL-600 Challenger (shown on the IR as CANADAIR model CHALLENGER 600) aircraft bearing manufacturer's serial number 1074 and U.S. Registration No. N674CW (formerly N800HH).

B.    Engines: Lycoming model ALF502L-2C aircraft engines bearing manufacturer's serial numbers LF03141S and LF03144S (shown on the IR as HONEYWELL model ALF502 Series aircraft engines bearing manufacturer's serial numbers LF03141 and LF03144 (which engines are 550 or more rated takeoff horsepower or the equivalent thereof).

C.    Propellers: None

II.    Registered Owner: Aircraft No. 1074 Company, LLC

III.    Encumbrances: N800HH and Lycoming engines LF03144S and LF03141S are free and clear of liens and encumbrances of record except as created by the following:

A.    Aircraft Security Agreement[1] dated as of November 9, 2006 between Aircraft No. 1074 Company, LLC, as debtor, and General Electric Capital Corporation, as secured party, which was recorded by the Federal Aviation Administration on December 14, 2006 and assigned Conveyance No. N006707, as supplemented by the following described instrument:

| Instrument | Date of Instrument | FAA Recording Date | FAA Conveyance No. |
|---|---|---|---|
| Addendum to Aircraft Security Agreements | as of 11/09/06 | 12/14/06 | N006707 |

The FAA records further reflect that certain Irrevocable De-registration and Export Request Authorization dated November 9, 2006 by Aircraft No. 1074 Company, LLC in favor of General Electric Capital Corporation, as authorized party, which was linked to the above-described Aircraft Security Agreement, Conveyance No. N006707.

B.    Aircraft Security Agreement[2] dated as of November 9, 2006 among Aircraft No. 1074 Company, LLC, as debtor, and General Electric Capital Corporation and GECPAC Investment II, Inc., as secured parties, which was recorded by the Federal Aviation Administration on December 14, 2006 and assigned Conveyance No. N006708, as supplemented by the following described instrument:

| Instrument | Date of Instrument | FAA Recording Date | FAA Conveyance No. |
|---|---|---|---|
| Addendum | as of 11/09/06 | 12/14/06 | N006708 |

---

[1]Engines LF03144S and LF03141S are shown on the Aircraft Security Agreement, Conveyance No. N006707, as Avco-Lycoming-Textron.

[2]Engines LF03144S and LF03141S are shown on the Aircraft Security Agreement, Conveyance No. N006708, as Avco-Lycoming-Textron.

2

IV.    Defects:

On May 4, 2009 the FAA received the following documents:

A.    Verified Claim of Lien dated May 1, 2009 by ACM Aviation, LLC (a copy of which is attached hereto for your convenience).

B.    Notice of Lien (Pursuant to Chapter 19.5 of the California Business and Professions Code) dated April 30, 2009 by ACM Aviation, LLC (a copy of which is attached hereto for your convenience).

FAA letter dated May 14, 2009 to ACM Aviation, LLC states:

[For a California Claim of Lien]

(i)    Claims of Lien are recordable with the FAA for work performed on the actual aircraft. Please clarify on the enclosed Claim of Lien as it is unclear as to whether this was for services rendered to the Aircraft or for management services;

(ii)    The enclosed Claim of Lien must be verified (acknowledged before a notary public);

(iii)    Show appropriate title of person signing for the ACM Aviation LLC on the enclosed Claim of Lien. The title of the signer was not shown; and,

(iv)    The operations specifications should not appear anywhere on the Claim of Lien being resubmitted.

[For a Texas Claim of Lien]

(i)    Claims of Lien are recordable with the FAA for work performed on the actual aircraft. Please clarify on the enclosed Claim of Lien as it is unclear as to whether this was for services rendered to the Aircraft or for management services;

(ii)    The Claim of Lien submitted indicates that it is a supplement. Submit the original claim of lien along with the supplement to the Claim of Lien;

(iii)    Show appropriate title of person signing for the ACM Aviation LLC on the enclosed Claim of Lien. The title of the signer was not shown; and,

3

(iv)    The operations specifications should not appear anywhere on the Claim of Lien being resubmitted.

V.    Other: None.

VI.    International Registry:

We have also examined such records of the International Registry ("IR") as made available to us on May 8, 2009 created pursuant to, and according to the provisions of, the Convention on International Interests in Mobile Equipment, the Protocol to the Convention on International Interests in Mobile Equipment on Matters Specific to Aircraft Equipment, both signed in Cape Town, South Africa on November 16, 2001, together with the Regulations for the International Registry, the International Registry Procedures and all other rules, amendments, supplements and revisions thereto (collectively, the "CTT"), all as in effect on this date in the United States of America, as a Contracting State, and based upon such examination we find that the IR descriptions of the Airframe and the Engines are subject to the following registered international interests which have not been discharged:

As to N674CW (formerly N800HH):

(i)    International Interest registered November 9, 2006 between Aircraft No. 1074 Company, LLC, as Debtor, and General Electric Capital Corporation, as Creditor, which was assigned IR File No. 48035; and,

(ii)    International Interest registered November 9, 2006 between Aircraft No. 1074 Company, LLC, as Debtor, and General Electric Capital Corporation and GECPAC Investment II, Inc., as Creditor, which was assigned IR File No. 48041.

As to Engine LF03141:
(Engine LF03141 was free-texted on the IR as LYCOMING model ALF502L-2C, serial number LF03141S)

(i)    International Interest registered November 9, 2006 between Aircraft No. 1074 Company, LLC, as Debtor, and General Electric Capital Corporation, as Creditor, which was assigned IR File No. 48039; and,

(i)    International Interest registered November 9, 2006 between Aircraft No. 1074 Company, LLC, as Debtor, and General Electric Capital Corporation and

4

GECPAC Investment II, Inc., as Creditor, which was assigned IR File No. 48045.

<u>As to Engine LF03144</u>:
(Engine LF03144 was free-texted on the IR as LYCOMING model ALF502L-2C, serial number LF03144S)

(i)    International Interest registered November 9, 2006 between Aircraft No. 1074 Company, LLC, as Debtor, and General Electric Capital Corporation, as Creditor, which was assigned IR File No. 48037; and,

(i)    International Interest registered November 9, 2006 between Aircraft No. 1074 Company, LLC, as Debtor, and General Electric Capital Corporation and GECPAC Investment II, Inc., as Creditor, which was assigned IR File No. 48043.

In examining the IR records, we have assumed that:

(i)    the information contained in the priority search certificates attached hereto is accurate in all respects;

(ii)    the information in the priority search certificates has not been altered since the date of such priority search certificates;

(iii)    the priority search certificates contain all the registered information and data on the IR in connection with the Airframe and the Engines;

(iv)    the priority search certificates contain all the registered information and data on the IR in connection with the Airframe and the Engines to which they relate; and,

(v)    there has been no subordination or variation of any priority that would be acquired pursuant to the terms of the CTT in connection with the registrations on the IR evidenced by the priority search certificates other than pursuant to any subordination indicated on the priority search certificates.

Dewieta F. Carter

DFC\ms

## VERIFIED CLAIM OF LIEN

[Texas statutes, including Property Code section 70.303]

ACM Aviation, LLC, 1162 Aviation Avenue, San Jose, California 95110, Telephone: 408-286-3832 ("Claimant") hereby claims a lien against the following aircraft

| | |
|---|---|
| Aircraft: | Canadair Ltd. CL-600 Challenger |
| Registration number: | N674CW |
| Serial number: | 1074 |
| Engines: | Lycoming ALF 502-L-2C |
| Serial numbers: | L-F031445 & L-F031415 |

Registered owner:     Aircraft No. 1074 Company, LLC
                                     10 River Park Plaza, Ste 800,
                                     Saint Paul, MN 55107-1222

for not less than the following amount

$251,627.81

091241446568
$15.00 05/04/2009

for storage, fuel and lubricants, repairs, maintenance, and/or other services rendered at ACM Aviation's Texas base of operations at 4309 General Aviation Ave, Suite 205, Austin, TX 78719, pursuant to an Aircraft Management and Dry Lease Agreement with the registered owner of the aircraft. On information and belief, the last date services were rendered under the Aircraft Management and Dry Lease Agreement was March 31, 2009. Claimant is not in possession of the aircraft.

This Claim of Lien is issued as a supplement, and not in addition to, a Notice of Lien issued in accordance with the governing law provision of the Agreement. That Notice describes all amounts due Claimant under the Agreement.

All amounts not paid when due hereunder shall bear interest at eighteen percent (18%) per annum or the maximum rate permitted by law, whichever is less.

Dated: 05/01/2009
Place: Austin, Texas
Time: 10:00 AM

ACM Aviation, LLC

By: Frank Milian

Its:

FFR- 5-4-09

vvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvVOIDEDvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvv
&gt; Refund #091241446568 $10.00 5/14/08 KT
vvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvVOIDEDvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvvv

Refund #091241446568 $10.00 5/14/09 KT

NOTICE OF LIEN
(PURSUANT TO CHAPTER 19.5 OF
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE)

ACM Aviation, LLC ("ACM"), a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 1162 Aviation Avenue, San Jose, California 95110, in Santa Clara County, has a claim against Aircraft No. 1074 Company, LLC, ("Aircraft No. 1074") 10 River Park Plaza, Ste 800, Saint Paul, MN 55107-1222, in the total amount of Two Hundred Sixty Seven Thousand, Eight Hundred Seventeen Dollars and Four Cents ($267,817.04.), which remains due and unpaid as of the present date, with interest and other amounts continuing to accrue as provided for under applicable law, for materials provided and/or services rendered by ACM as further stated herein regarding the following aircraft (referred to hereinafter as the "Aircraft"):

| Aircraft Manufacturer and Model | Manufacturer's Serial Number | Federal Aviation Administration Registration Number | |
|---|---|---|---|
| | | | 091241446568 |
| Canadair CL-600 Challenger | 1074 | N674CW | $15.00 05/04/2009 |

| Engine Manufacturer and Model | | Engine Serial Numbers | |
|---|---|---|---|
| | | | 091241341358 |
| Lycoming ALF 502-L-2C | | Left: L-F031445 | $30.00 05/04/2009 |
| | | Right: L-F031415 | |

ACM was employed pursuant to a Aircraft Management and Dry Lease Agreement dated December 1, 2008 to provide the services for the Aircraft which are the subject of this lien. ACM hereby claims a repairperson's lien on the Aircraft for such services, including any rendered as a fixed base operator or noncertificated repairperson, including without limitation aircraft management services, and/or the provision of fuel.

This Notice of Lien is independent of ACM's right to recover the amounts covered by this Notice, and is without prejudice to a) ACM's right to recover any other amounts from Aircraft No. 1074 which may be due and payable to ACM, b) ACM's rights under any applicable statute or common law principle, including without limitation rights under the California Civil or Business and Professions Codes or Code of Civil Procedure, including without any further limitation rights under Code of Civil Procedure sections 1208.61 et seq., or Civil Code sections 2872, 2875, 2881, 2882, 2884, or 3051, and/or c) any further claims or filings by ACM, including without limitation amendments to this Notice.

This Notice is rendered in accordance with the governing law provision of the Agreement, without prejudice to any further lien claims or notices required by the law of jurisdictions in which work under the Agreement took place. Accordingly, such claims or notices should be read as supplementary, and not in addition to, the amount claimed herein.

FFP 5-4-09 JH

In addition to the foregoing, the following specific information is provided in connection with this Notice of Lien:

This Notice of Lien is asserted by ACM Aviation, LLC, 1162 Aviation Avenue, San Jose, California 95110, telephone 408-286-3832.

The registered owner of the Aircraft is Aircraft No. 1074 Company, LLC, 10 River Park Plaza, Ste 800, Saint Paul, MN 55107-1222, telephone 651-209-0808.

On information and belief, the persons giving consent to the performance of the work giving rise to this lien are Larry Wright and/or Gerald L. Trooien, 10 River Park Plaza, Ste 800, Saint Paul, MN 55107-1222, telephone 651-209-0808. Gerald L. Trooien is the signatory to the Aircraft Management and Dry Lease Agreement. Larry Wright was Aircraft No. 1074's account maintenance director at the time the work was ordered. A copy of this Notice of Lien is being sent to the registered owner of the Aircraft and the persons who consented to the work by United States mail, certified, return receipt requested with postage fully prepaid thereon, or by other comparable or more expeditious delivery services.

On information and belief, the services covered by this Notice of Lien were for services performed on behalf of the owner and/or operator of the Aircraft as provided for by the Aircraft Management and Dry Lease Agreement, and as may be further specified in applicable ACM Invoices.

On information and belief, the date of last services or materials provided as covered by this Notice of Lien was March 31, 2009.

[verification/signature page follows]

## VERIFICATION

Except as to those matters asserted as being upon my information and belief, I declare under penalty of perjury in accordance with the laws of the State of California and of the laws of the United States of America that the matters stated herein are true and correct; and, as to those matters asserted as being upon my information and belief, I declare under penalty of perjury in accordance with the laws of the State of California and of the United States of America that, upon reasonable inquiry, I honestly and genuinely believed these matters to be true as stated.

Dated: 04/30/2009
Place: San Jose, California
Time: 12:01 PM

ACM Aviation, LLC

By: Frank Milian

Its: _____

**B034.** **IFR Class I Terminal and En Route Navigation Using Area Navigation Systems**    **HQ Control:**   12/03/04
   **HQ Revision:**   03a

a. The certificate holder is authorized to conduct IFR Class I terminal and en route navigation (including operations outside positive radar control) using aircraft and area navigation systems approved by this paragraph in those areas of operations where this paragraph is referenced in B050 of these operations specifications.

b. If specified in Table 1 below, the certificate holder is authorized to conduct Precision RNAV (P-RNAV) and/or Basic RNAV (B-RNAV) operations in terminal and/or en route areas where this paragraph is referenced in paragraph B050 of these operations specifications.

(1) The route design determines whether the operation is terminal or en route navigation.

(2) For B-RNAV terminal and en route operations, the navigation performance is ±5 nautical miles for 95% of the flight time.

(3) For P-RNAV terminal and en route operations, the navigation performance is ±1 nautical miles for 95% of the flight time.

(4) If the RNAV equipment is certified for P-RNAV, it may be authorized for both P-RNAV and B-RNAV terminal and en route operations.

c. Except as provided in these operations specifications, the certificate holder shall not conduct any other IFR Class I en route navigation using area navigation systems.

d. Authorized Aircraft Navigation Systems. The certificate holder is authorized to conduct IFR Class I terminal and en route navigation using the following aircraft and area navigation systems for the operations indicated in Table 1 below. If no specific navigation performance (for B-RNAV and/or P-RNAV) is authorized, enter N/A in column #4.

Table 1 – Aircraft, Navigation Systems, and Navigation Performance

| Aircraft M/M/S | Area Navigation Systems Manufacturer | Model | Navigation Performance |
|---|---|---|---|
| DA-900B N233KC | HONEYWELL | FMZ-2000 w/LASEREF II w/GPS | P-RNAV (+/-1NM) |
| DA-900EX N901MM | HONEYWELL | FMZ-2000 w/LASEREF III w/GPS | P-RNAV (+/-1NM) |
| BD-700-1A10 N288Z, N616DC | HONEYWELL | FMZ-2000 w/LASEREF IV w/GPS | P-RNAV (+/-1NM) |
| BE-300-350 N4YS | UNIVERSAL | UNS-1F w/GPS | P-RNAV (+/-1NM) |
| CE-560-560XL N72SG | UNIVERSAL | UNS-1ESP w/GPS | P-RNAV (+/-1NM) |
| CL-604-604 N999VK | COLLINS | FMS-6000 w/LTN 101 IRU w/GPS | P-RNAV (+/-1NM) |
| DA-2000 N48WK | HONEYWELL | NZ-2000 w/GPS | P-RNAV (+/-1NM) |
| DA-2000 N98RP | COLLINS HONEYWELL | FMS 6100 LASEREF IV w/GPS | P-RNAV (+/-1NM) |
| DHC-6-300 N814BC | KING | KLN-90B w/GPS | B-RNAV (+/-5NM) |
| EMB-135-BJ N10SV, N63AG | HONEYWELL | FMZ-2000 w/LASEREF IV w/GPS | P-RNAV (+/-1NM) |
| G-200 N369JK | COLLINS | FMC 6100 w/GPS | P-RNAV (+/-1NM) |

| Aircraft M/M/S | Area Navigation Systems | | Navigation Performance |
| --- | --- | --- | --- |
| | Manufacturer | Model | |
| G-200 N505GA | UNIVERSAL | UNS-1C w/GPS | P-RNAV (+/-1NM) |
| GA-1159-B N24YS | UNIVERSAL LITTON | UNS-1 D+ w/GPS LTN-91 w/GPS | P-RNAV (+/-1NM) |
| G-IV, N165JF, N810LP | HONEYWELL | NZ-2000 w/LAZEREF II w/GPS | P-RNAV (+/-1NM) |
| GA-V-V N54KB | HONEYWELL | FMZ-2000 w/LASEREF IV w/GPS | P-RNAV (+/-1NM) |
| GA-V-V N740SS | HONEYWELL | FMS IC-800E w/LAZERTRACK w/GPS | P-RNAV (+/-1NM) |
| HAWKER-800-XP | HONEYWELL | FMZ-2000 w/GPS | P-RNAV (+/-1NM) |
| NA-265-60 | UNIVERSAL | UNS-1F w/GPS | B-RNAV (+/-5NM) |
| P-180-180 N5166P | COLLINS | FMS-3000 w/GPS | P-RNAV (+/-1NM) |

c. Special En Route Limitations and Provisions. The certificate holder shall conduct all operations authorized by this paragraph in accordance with the following en route limitations and provisions:

(1) Except when navigation is performed under the supervision of a properly qualified check airman, the flightcrew must be qualified in accordance with the certificate holder's approved training program for the system being used or have satisfactorily completed a flight check using the system. The flightcrew shall have satisfactorily completed the ground school portion of that training program before performing under the supervision of a check airman.

(2) The navigation system shall be fully operational or operating in accordance with the certificate holder's approved Minimum Equipment List, when the system is used for any navigation.

(3) Prior to conducting operations in airspace that requires a specific navigation performance, if authorized and listed in Table 1 above, the certificate holder must ensure that the aircraft navigation system will provide the navigation performance for the planned flight time in that airspace.

(4) The area navigation systems used must permit the flight to navigate to the degree of accuracy or operational performance level required for ATC; be approved for the particular area of operation as specified in paragraph B050 of these operations specifications; and be certificated for IFR flight.

(5) IFR Class I navigation using a single area navigation system shall not be conducted unless Class I navigation with a single system is authorized by this paragraph and all of the following conditions are met:

(a) The redundant airborne equipment required to conduct IFR Class I navigation using airways navigation facilities is installed and operational.

(b) The capability exists at any point along the planned route of flight to safely return to and use airways navigation facilities for navigation if the single area navigation system fails.

(c) Any flight operated over off-airway routing is operated under ATC radar control.

(6) IFR Class I navigation, using a single area navigation system, shall not be conducted without at least one pilot using the facilities which define the airway or off-airway routing as the primary navigation reference unless the following conditions are met:

(a) The aircraft's present position and its relationship to navigation aids, airways, and any other instrument flight procedure specified in the currently effective ATC clearance are continuously displayed on each pilot's flight instruments.

(b) An indication is immediately provided on the forward instrument panel, within the normal field of view of each pilot, when the navigation performance of the area navigation system is insufficient to navigate to the degree of accuracy required for air traffic control.

(7) An approved area navigation system fix may be substituted for a required en route ground facility when that facility is temporarily out of service, provided the approved navigation system has sufficient accuracy to navigate the aircraft to the degree of accuracy or navigation performance required for air traffic control over that portion of the flight.

---

1. The Certificate Holder applies for the Operations in this paragraph.
2. Support information reference: To add G-V (N740SS), BD-700 (N288Z), CE-560XL (N72SG) To Remove CL-600 (N674CW)
3. These Operations Specifications are approved by direction of the Administrator.

DIGITALLY FAA SIGNED 4     :009 12:11:16 PM
Hill, Matthew J
Principal Operations Inspector

4. Date Approval is effective:  04/21/2009                    Amendment Number: 84
5. I hereby accept and receive the Operations Specifications in this paragraph.

DIGITALLY INDUSTRY SIG'     ) 4/20/2009 9:32:48 PM

Johnson, Charles B.
Dir. of Operations, Part 135                              Date: 04/20/2009

---

FFl- 5-4-09 JH

Refund #091241446568 $10.00 5/14/09 KT

# Priority Search Certificate

Issued by

# The International Registry for International Interests In Mobile Equipment (Aircraft Equipment)

This certificate was created on 08 May 2009 at 21:30:56 GMT

Certificate Number: 1227248

Requested by: DFPHJ217 of Daugherty Fowler Peregrin Haught & Jenson

Beneficiary of Priority Search Certificate: DFPHJ

## Search Criteria

Manufacturer: CANADAIR

Model designation: CHALLENGER 600

Manufacturer's serial number: 1074

## Search Results

The International Registry system is designed to use percentages with a maximum of six decimal places when recording fractional and partial interests in aircraft objects e.g. 12.123456%. Please consider that certain fractions cannot be fully represented within six decimal places. Percentages shown are of the full aircraft object.

| Date/time | Details of Interest | |
|---|---|---|
| | Registration | |
| 09NOV2006 | Type: | International Interest |
| 18:15:55 GMT | File number: | 48035 |
| | Debtor: | |
| | Aircraft No. 1074 Company, LLC | Contact details: frank.polk@mcafeetaft.com |
| | Creditor: | |
| | General Electric Capital Corporation | Contact details: allen.light@ge.com |

This document has been digitally signed by the Registrar and the signature has been filed.

## Search Criteria

| | |
|---|---|
| Manufacturer: | CANADAIR |
| Model designation: | CHALLENGER 600 |
| Manufacturer's serial number: | 1074 |

## Search Results

The International Registry system is designed to use percentages with a maximum of six decimal places when recording fractional and partial interests in aircraft objects e.g. 12.123456%. Please consider that certain fractions cannot be fully represented within six decimal places. Percentages shown are of the full aircraft object.

| Date/time | Details of Interest | |
|---|---|---|
| | Registration | |
| 09NOV2006 | Type: | International Interest |
| 18:17:13 GMT | File number: | 48041 |
| | Debtor: | |
| | Aircraft No. 1074 Company, LLC | Contact details: frank.polk@mcafeetaft.com |
| | Creditor: | |
| | General Electric Capital Corporation | Contact details: allen.light@ge.com |
| | GECPAC Investment II, Inc. | Contact details: allen.light@ge.com |

End of List

This document has been digitally signed by the Registrar and the signature has been filed.

# Priority Search Certificate

### Issued by

# The International Registry for International Interests
# In Mobile Equipment (Aircraft Equipment)

This certificate was created on 13 May 2009 at 21:38:06 GMT

Certificate Number: 1240290

Requested by:                                         DFPHJ217 of Daugherty Fowler Peregrin Haught & Jenson

Beneficiary of Priority Search Certificate:  DFPHJ

## Search Criteria

| | |
|---|---|
| Manufacturer: | LYCOMING |
| Model designation: | ALF502L-2C |
| Manufacturer's serial number: | LF03141S |

## Search Results

The International Registry system is designed to use percentages with a maximum of six decimal places when recording fractional and partial interests in aircraft objects e.g. 12.123456%. Please consider that certain fractions cannot be fully represented within six decimal places. Percentages shown are of the full aircraft object.

| Date/time | Details of Interest | |
|---|---|---|
| | Registration | |
| 09NOV2006 | Type: | International Interest |
| 18:15:56 GMT | File number: | 48039 |
| | Debtor: | |
| | Aircraft No. 1074 Company, LLC | Contact details: frank.polk@mcafeetaft.com |
| | Creditor: | |
| | General Electric Capital Corporation | Contact details: allen.light@ge.com |

This document has been digitally signed by the Registrar and the signature has been filed.

## Search Criteria

| | |
|---|---|
| Manufacturer: | LYCOMING |
| Model designation: | ALF502L-2C |
| Manufacturer's serial number: | LF03141S |

## Search Results

The International Registry system is designed to use percentages with a maximum of six decimal places when recording fractional and partial interests in aircraft objects e.g. 12.123456%. Please consider that certain fractions cannot be fully represented within six decimal places. Percentages shown are of the full aircraft object.

| Date/time | Details of Interest | |
|---|---|---|
| | Registration | |
| 09NOV2006 | Type: | International Interest |
| 18:17:13 GMT | File number: | 48045 |
| | Debtor: | |
| | Aircraft No. 1074 Company, LLC | Contact details: frank.polk@mcafeetaft.com |
| | Creditor: | |
| | General Electric Capital Corporation | Contact details: allen.light@ge.com |
| | GECPAC Investment II, Inc. | Contact details: allen.light@ge.com |

End of List

This document has been digitally signed by the Registrar and the signature has been filed.

# Priority Search Certificate

Issued by

# The International Registry for International Interests
# In Mobile Equipment (Aircraft Equipment)

This certificate was created on 13 May 2009 at 21:40:52 GMT

Certificate Number: 1240294

Requested by: DFPHJ217 of Daugherty Fowler Peregrin Haught & Jenson

Beneficiary of Priority Search Certificate: DFPHJ

## Search Criteria

| | |
|---|---|
| Manufacturer: | LYCOMING |
| Model designation: | ALF502L-2C |
| Manufacturer's serial number: | LF03144S |

## Search Results

The International Registry system is designed to use percentages with a maximum of six decimal places when recording fractional and partial interests in aircraft objects e.g. 12.123456%. Please consider that certain fractions cannot be fully represented within six decimal places. Percentages shown are of the full aircraft object.

| Date/time | Details of Interest | |
|---|---|---|
| | Registration | |
| 09NOV2006 | Type: | International Interest |
| 18:15:56 GMT | File number: | 48037 |
| | Debtor: | |
| | Aircraft No. 1074 Company, LLC | Contact details: frank.polk@mcafeetaft.com |
| | Creditor: | |
| | General Electric Capital Corporation | Contact details: allen.light@ge.com |

This document has been digitally signed by the Registrar and the signature has been filed.

# AFFIDAVIT
# EXHIBIT C

**From:** Iacono, Thomas (GE Comm Fin)
**Sent:** Monday, May 18, 2009 8:50 AM
**To:** Rose, Doby (GE Comm Fin); McMonagle, John (GE Comm Fin); Ciccone, Ed (GE Comm Fin); Rhodes, Amy (GE Comm Fin)
**Subject:** FW: Jerry Trooien

fyi

---

**From:** Dixon, Mark (GE Comm Fin)
**Sent:** Monday, May 18, 2009 11:27 AM
**To:** Iacono, Thomas (GE Comm Fin)
**Cc:** Ciccone, Ed (GE Comm Fin); Labrozzi, Dave (GE Comm Fin); Lombardo, Kevin (GE Comm Fin); Hayes, Keith (GE Comm Fin)
**Subject:** Jerry Trooien

Tom

RE: Jerry Trooien (JLT Group)

FYI

Mark

---

**From:** Jerry Trooien [mailto:Jerry.Trooien@jltgroupinc.com]
**Sent:** Monday, May 18, 2009 10:21 AM
**To:** Beaudry, Christine N (GE Comm Fin)
**Cc:** Mary McDowell; Dixon, Mark (GE Comm Fin)
**Subject:** RE:

Christine: We continue to wait for wires on a moment by moment basis. Last week I was in London working on solving this matter. In short, I have a very close wealthy friend who understands the circumstance and believes in me and my capacity including my equity even in these depressed times. He has committed to solve this near term problem.

The "perfect storm" regarding the aircrafts situation is challenging to say the least. I have funded nearly $10 million in cash into JetChoice which just went bankrupt. I had funded millions of millions of debt payments when they were not paying rent. I believe you are aware of our multiple claims against them and Dave Kloeber personally. If not, Mary can mail you the filings. Obviously, we are doing everything possible to redeploy/sell the planes as soon as possible. This is as "informed" to you as I can be at this moment. Dennis Blackburn is fully aware of the situation and is watching the planes properly. I fully understand that people want answers and they want them now. People must also understand that everyone in this economy, including banks and finance companies, don't necessarily have answers in days or even weeks. I have been working on this since the problem unfolded and realize clarity and a plan has to be forthcoming at some point. No bank has lost a penny on me and I have no intention of letting that start happening now. Please understand I will notify you immediately when this logjam breaks including wiring payments. Please also notify Doby Rose who has called for status reports. Thank you.

---

**From:** Beaudry, Christine N (GE Comm Fin) [mailto:christine.beaudry@ge.com]
**Sent:** Thursday, May 14, 2009 4:55 PM

**To:** Jerry Trooien
**Subject:**

Mr. Trooien,

I tried to contact you at your office and on your cell phone today regarding your aircraft accounts. As you are aware, these accounts are due for both April and May payments. I understand that you were attempting to clear some wires in order to make payments, however, as of today we have not received any monies, nor have we had further communication with you regarding your plans to make payments. It is imperative that we receive the April and May payments by the end of business Friday, May 15, 2009.

Regards,

**Christine Beaudry**
Vice President / Sr. Risk Analyst
GE Capital, Corporate Finance
312-441-6999