IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, and GECPAC INVESTMENT II, INC., a Delaware corporation.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JLT AIRCRAFT HOLDING COMPANY, LLC, a Minnesota limited liability company, AIRCRAFT NO. 1074 COMPANY, LLC, a Minnesota limited liability company, and GERALD L. TROOIEN, an individual and citizen of Minnesota,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.  09-CV-01200 (JNE/AJB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

STIPULATED TEMPORARY RESTRAINING ORDER

　　　　This matter comes before the Court upon the Stipulation of the parties and on the Motion of Plaintiffs, General Electric Capital Corporation and GECPAC Investment II, Inc. (collectively, "GE Capital"), for Injunctive Relief (the "Motion").  Due and proper notice having been given to Defendants, JLT Aircraft Holding Company, LLC ("JLT") and Aircraft No. 1074 Company LLC ("No. 1074").  GE Capital alleges, based upon Verified Complaint, the Motion and the Affidavit of Doby A. Rose (the "Rose Affidavit") submitted in support of the Motion, that:

　　　　1.　　JLT and No. 1074 are in default under the Agreements (as that term is defined in the Verified Complaint).

　　　　2.　　GE Capital possesses, as security for the loans represented by the Agreements, a security interest in two aircraft (collectively, the "Aircrafts") defined as follows:

　　　　　　A. The Gulfstream:  one (1) Israel Aircraft Industries Ltd. aircraft, Model No. Galaxy, Serial No. 054, Registration No. N54AX, and two (2) Pratt & Whitney Canada engines, Model No. PW306A, Serial Nos. PCE-CC0109 and PCE-CC0110, together with all other

      property essential and appropriate to the operation of the aircraft, including but not limited to all instruments, avionics, auxiliary power units, aircraft and accessories attached to, connected with or related to the aircraft, and all logs, manuals and other documents issued for, or reflecting use or maintenance of, the aircraft and, all manufacturers' and suppliers' warranties with respect to the forgoing and all right and remedies under any maintenance or servicing contracts with respect to the aircraft (including rights under prepaid accounts or monies held in trust pursuant thereto).

   B. The Challenger:  one (1) Canadair aircraft, Model No. CL-600-1A11, Serial No. 1074, Registration No. N800HH, and two (2) Avco-Lycoming-Textron engines, Model No. ALF502L-2C, Serial Nos. LF03144S and LF03141S, together with all other property essential and appropriate to the operation of the aircraft, including but not limited to all instruments, avionics, auxiliary power units, aircraft and accessories attached to, connected with or related to the aircraft, and all logs, manuals and other documents issued for, or reflecting use or maintenance of, the aircraft and, all manufacturers' and suppliers' warranties with respect to the forgoing and all right and remedies under any maintenance or servicing contracts with respect to the aircraft (including rights under prepaid accounts or monies held in trust pursuant thereto).

3. The Agreements entitle GE Capital to immediately repossess and remove the Aircraft in the event of a payment default by JLT and No. 1074.

4. JLT and No. 1074 currently possess the Aircraft.

5. GE Capital has provided to JLT and No. 1074 with an opportunity to cure the defaults under the Agreements by May 25, 2009, before GE Capital seeks possession of the Aircraft.

6. GE Capital will suffer irreparable injury for which no adequate remedy at law exists unless JLT and No. 1074 and other persons and firms having knowledge of this injunction are enjoined from continuing to use the Aircraft until JLT and No. 1074 either cure the default under the Agreements before May 25, 2009, or surrender possession of the Aircraft to GE Capital.

7.   GE Capital has satisfied the grounds necessary for injunctive relief.

Without prejudice to the right of Defendants to challenge, dispute or otherwise contest, the foregoing allegations of the Plaintiffs, and based upon the Stipulation of the parties, IT IS HEREBY ORDERED THAT:

1.   Other than for the limited purpose of routine maintenance to be performed at the current locations, JLT and No. 1074 and any of their responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), including but not limited to Gerald L. Trooien and any other person or firm having actual notice of this injunction, including but not limited to the domestic agents of JLT and No. 1074, together with their officers, directors, or employees (acting within the scope of his or her office or employment), are hereby enjoined and restrained from using, flying, moving, and/or transporting the Aircraft;

2.   JLT and No. 1074 shall immediately notify all of their responsible managing agents, officers, directors, and employees of the entry of this injunction;

3.   This Order is effective without the necessity of the posting of a bond; and

4.   The stipulated injunctive relief set forth herein will remain in effect until further order of the Court.

BY THE COURT:

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

Dated: May 22, 2009

**SO STIPULATED:**

| /s/ | /s/ |
|---|---|
| **Paul L. Ratelle (#127632)** | **George G. Eck (#0025501)** |
| **FABYANSKE, WESTRA, HART** | **DORSEY & WHITNEY LLP** |
| **  & THOMSON, P.A.** | **Suite 1500, 50 South Sixth Street** |
| **800 LaSalle Ave., Suite 1900** | **Minneapolis, MN 55402** |
| **Minneapolis, MN 55402** | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |