IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| General Electric Capital Corporation and GECPAC Investment II, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> JLT Aircraft Holding Company, LLC; Aircraft No. 1074 Company, LLC; and Gerald L. Trooien, <br><br> Defendants. | Civil No. 09-1200 (JNE/AJB) <br> ORDER |

This matter is before the Court on Plaintiffs' Motion to Replevin Property. Plaintiffs seek return under Minn. Stat. § 565.23 (2008), Rule 64 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1652 (2006) of the Aircrafts that are more specifically described in the Verified Complaint and the Affidavit of Doby A. Rose. The Court held a hearing on the motion at 11:00 a.m. on June 25, 2009. Appearances for the parties are noted on the record. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Replevin Property [Docket No. 6] is GRANTED.

2. Plaintiffs are entitled to the immediate possession of the aircrafts described as follows: one (1) Israel Aircraft Industries Ltd. aircraft, Model No. Galaxy, Serial No. 054, Registration No. N54AX, and two (2) Pratt & Whitney Canada Engines, Model No. PW306A, Serial Nos. PCE-CC0109 and PCE-CC0110, and one (1) Canadair aircraft, Model No. CL-600-1A11, Serial No. 1074, Registration No. N800HH, and two (2) Avco-Lycoming-Textron Engines, Model No. ALF502L-2C, Serial Nos. LF03144S and LF03141S (collectively, Aircrafts); together with all other property essential and appropriate to the operation of the Aircrafts,

1

including but not limited to all instruments, avionics, auxiliary power units, aircraft and accessories attached to, connected with or related to the Aircrafts; all logs, manuals and other documents issued for, or reflecting use or maintenance of, the Aircrafts; and all manufacturers' and suppliers' warranties with respect to the forgoing and all rights and remedies under any maintenance or servicing contracts with respect to the Aircrafts (including rights under prepaid accounts or monies held in trust pursuant thereto).

3. Defendants, JLT Aircraft Holding Company, LLC; Aircraft No. 1074 Company, LLC; and Gerald Trooien (collectively, Defendants) and their agents and employees shall immediately (1) disclose the location of the Aircrafts to Plaintiffs, and (2) deliver the Aircrafts to Plaintiffs. In the event any of the Aircrafts is not in the possession, custody, or control of Defendants and Defendants fail to disclose the location of the Aircrafts to Plaintiffs' counsel on or before Monday, June 29, 2009, then the representative(s) of Defendants most knowledgeable of the location(s) of the missing items of Aircrafts must appear no later than Tuesday, June 30, 2009, at the law offices of Fabyanske, Westra & Hart, P.A., 800 LaSalle Avenue, Suite 1900, Minneapolis, Minnesota, 55402, to give testimony as to the location of the Aircrafts not in the possession, custody, or control of any of the Defendants. If Defendants fail to deliver the Aircrafts to Plaintiffs or fail to disclose the location of the Aircrafts as ordered herein, Defendants shall appear before this Court no later than Monday, July 6, 2009, to show cause why an order should not be entered finding Defendants in contempt for failure to deliver the Aircrafts and to disclose its location. Failure to appear personally before the Court as ordered and commanded herein may be grounds for holding Defendants in contempt of court and a bench warrant may be issued to compel Defendants' appearance.

4. Except as specifically set forth herein, Defendants are hereby enjoined and restrained from taking any action concerning the Aircrafts, including, without limitation, the sale, transfer, or other disposition of the Aircrafts. In addition, Defendants are hereby enjoined and restrained from taking any action that would interfere in any way with the seizure of the Aircrafts.

5. Upon the filing by Plaintiffs of a bond in the amount of $17,960,179.50 approved by the Court and conditioned for the return of the Aircrafts to Defendants, if a return be adjudged, the Sheriff of any County in the State of Minnesota where the Aircrafts may be situated, any Federal Marshal in the State of Minnesota, or any duly authorized representative(s) of the same, is directed to seize the Aircrafts by any and all legal means. If the Aircrafts are, or any part of the Aircrafts is, concealed in a building or elsewhere, and a public demand made by the Sheriff and/or the Marshal

and/or its representative(s) for their delivery is refused or there is no response, then the Sheriff shall cause the building or other enclosure to be broken open and shall take the Aircrafts therefrom, or, alternatively, shall secure the building or other enclosure by any reasonable means including, without limitation, changing the locks of the building or other enclosure.

6. Defendants may regain possession of the Aircrafts seized by the Sheriff and/or the Marshal and/or their representative(s) within fourteen (14) days of the seizure, upon the filing of a bond approved by the Court conditioned that the Aircrafts shall be delivered to Plaintiffs, if delivery be adjudged, and for the payment to Plaintiffs of any sum adjudged against Defendants. The bond shall be in the amount of $14,966,816.25. The bond shall be approved and filed with this Court no later than fourteen (14) days following the day of the seizure. The cost of regaining possession of the Aircrafts from Plaintiffs shall be borne by Defendants. If this bond is not filed by Defendants by the time stated above, then Plaintiffs shall be free to dispose of the Aircrafts seized pursuant to this Order. If a bond is filed by Defendants within the time limit set forth above, then a hearing shall be held as soon as practicable before this Court. The hearing shall be for the purpose of determining whether Plaintiffs have a right to possession of the Aircrafts, and, if so, the value of the Aircrafts to which it has a right.

Dated: June 25, 2009

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge