UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

General Electric Capital Corporation and
GECPAC Investment II, Inc.,

      Plaintiffs,

v.                                                           Civil No. 09-1200 (JNE/AJB)
                                                             ORDER
JLT Aircraft Holding Company, LLC;
Aircraft No. 1074 Company, LLC; and
Gerald L. Trooien,

      Defendants.

      This case is before the Court on the motion of General Electric Capital Corporation and

GECPAC Investment II, Inc. (collectively, Plaintiffs), for a charging order against Gerald L.

Trooien pursuant to Minn. Stat. §§ 321.0703, 322B.32, 323A.0504 (2008) and Del. Code Ann.

tit. 6, § 18-703 (2010).  For the reasons set forth below, the Court grants the motion.[1]

## I.      BACKGROUND

      Plaintiffs sued Trooien, JLT Aircraft Holding Company, LLC, and Aircraft No. 1074

Company, LLC, alleging breach of contract with respect to two loan and security agreements.

On December 18, 2009, the Court granted summary judgment in favor of Plaintiffs on their

breach of contract claims.  Judgment was entered on December 21, 2009.  According to the

Judgment, JLT Aircraft Holding Company and Trooien are jointly and severally liable to

GECPAC Investment II in the amount of $13,139,252.74, plus interest, and Aircraft No. 1074

Company and Trooien are jointly and severally liable to General Electric Capital in the amount

of $4,723,826.92, plus interest.  The Judgment is wholly unsatisfied.

---

[1]      Trooien requested oral argument in his memorandum in response to Plaintiffs' motion.
The Court has determined that oral argument is unnecessary.

Trooien holds interests in the following Delaware limited liability companies and Minnesota partnerships and limited liability companies (collectively, Entities, and each individually, an Entity):

1.　　Kennedy Building Associates, a Minnesota general partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

2.　　676 Bielenberg Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

3.　　Revenue Building Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

4.　　River Properties of St. Paul Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

5.　　Midway Warehouse Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

6.　　JLT Mobil Building Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

7.　　Trooien & Associates Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

8.　　Summit Aircraft Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

9.　　Minnesota Choice Aviation II, Limited Partnership, a Minnesota limited partnership, with a registered office located at 3080 Centerville Road, Little Canada, MN, 55117;

10.　　Minnesota Choice Aviation III, Limited Partnership, a Minnesota limited partnership, with a registered office located at 3080 Centerville Road, Little Canada, MN, 55117;

11.　　Bren Road, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

12.   Shepard Road Acquisition Company, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

13.   Shepard Road Holding Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

14.   Alexandra & Associates, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

15.   Alexandra & Associates, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

16.   TEAM PARKING, L.L.C., f/k/a Park 'n Jet, LLC, a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

17.   3200 Como Assoc., LLC, a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

18.   Hiawatha Acquisitions, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

19.   TriTech .67, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

20.   TriTech 1.08, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

21.   North Prior, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

22.   JLT East River Road, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

23.   Fillmore & State Holding Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

24.   Battle Creek Lake Acquisition Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

25.     Century & Lake Holding, L.L.C., a Delaware limited liability company,
        with a registered office located at 10 River Park Plaza #800, St. Paul, MN
        55107;

26.     North Tamarack Associates, L.L.C., a Delaware limited liability company,
        with a registered office located at 10 River Park Plaza #800, St. Paul, MN
        55107;

27.     West-Biel 15.5, LLC, a Minnesota limited liability company, with a
        registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

28.     JLT Aircraft Holding Company, LLC, a Minnesota limited liability
        company, with a registered office located at 10 River Park Plaza #800, St.
        Paul, MN 55107; and

29.     JC Membership Investment Company, LLC, a Minnesota limited liability
        company, with a registered office located at 10 River Park Plaza #800, St.
        Paul, MN 55107.

Plaintiffs seek a charging order encumbering Trooien's transferable interests and

financial rights in the Entities and compelling the Entities to provide certain organizational and

financial documents to Plaintiffs indicating the value of those interests and rights.

## II.     DISCUSSION

Rule 69(a) of the Federal Rules of Civil Procedure, which governs the enforcement of

final judgments in federal court, provides:

> A money judgment is enforced by a writ of execution, unless the court directs
> otherwise.  The procedure on execution—and in proceedings supplementary to
> and in aid of judgment or execution—must accord with the procedure of the state
> where the court is located, but a federal statute governs to the extent it applies.

Under Minnesota law, a charging order is the exclusive remedy by which a judgment creditor

may satisfy a judgment out of a partner's or member's interest or financial rights in a general

partnership, limited partnership, or limited liability company.  Minn. Stat. §§ 321.0703(e),

322B.32, 323A.0504(e).  Similarly, a charging order is the exclusive remedy under Delaware law

by which a judgment creditor may satisfy a judgment out of a member's interest in a limited

liability company.  Del. Code Ann. tit. 6, § 18-703(d).

4

A charging order constitutes a lien on the judgment debtor's transferable interest or financial rights in the partnership or limited liability company.  Del. Code Ann. tit. 6, § 18-703(b); Minn. Stat. §§ 321.0703(b), 323A.0504(b); *see generally* Carter G. Bishop & Daniel S. Kleinberger, *Limited Liability Companies: Tax & Business Law* § 5.04 (2009) ("The charging order derives from partnership law, is analogous to a lien on the economic part of the member's membership interest, and entitles the charging party only to whatever distributions the member would otherwise be entitled to receive." (footnote omitted)).  Accordingly, a charging order permits the judgment creditor to receive the distributions from the partnership or limited liability company to which the judgment debtor is entitled as a partner, limited partner, or member.  *See* Del. Code Ann. tit. 6, § 18-703(a); Minn. Stat. §§ 321.0102(22), 322B.03, subd. 19, 323A.0502 (2008).

## A.       Personal jurisdiction

Trooien contends that the Court may not require the non-debtor Entities to produce the organizational and financial documents sought by Plaintiffs because the Court lacks personal jurisdiction over those Entities.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (holding that the exercise of personal jurisdiction over a defendant requires "notice to the defendant," (2) "a constitutionally sufficient relationship between the defendant and the forum," and (3) "authorization for service of summons on the defendant").  Specifically, Trooien contends that the non-debtor Entities are not parties to this action and were not served with process.[2]  A court may order the production of documents by a nonparty entity that is the subject of a charging order to effectuate the charging order.  *See* Minn. Stat. § 321.0703(a) ("The court may . . . make all other orders, directions, accounts, and inquiries . . . which the circumstances of

---

[2]       Trooien does not dispute that the Entities have a constitutionally sufficient relationship with the State of Minnesota.

the case may require to give effect to the charging order."), *id.* § 323.0504(a) ("The court may

. . . make all other orders, directions, accounts, and inquiries . . . which the circumstances of the

case may require."); Rev. Unif. Partnership Act § 504 authors' cmt. 5 (2009-2010 ed.) ("To

facilitate collection under the charging order, the court has the discretion to appoint a receiver,

ask for an accounting, or use other means at its discretion, depending on the circumstances.");

*see also City of Cloquet v. Cloquet Sand & Gravel, Inc.*, 251 N.W.2d 642, 644 (Minn. 1977) ("A

court of equity has broad discretion in fashioning remedies.").  No obligation on the part of any

Entity shall arise until the Plaintiffs serve a copy of this Order on the Entity in the manner

prescribed by Minn. Stat. § 5.25 (2008).  With the exception of a sworn answer reporting all

amounts distributable or payable to Trooien and the value of the capital and income accounts

attributable to Trooien's interest in the Entity, no Entity shall be required to produce the

additional organizational and financial documents sought by Plaintiffs without the opportunity to

appear at a hearing scheduled for 11:00 a.m. on Thursday, September 2, 2010, and object to the

production of documents or show cause why an order requiring the Entity to pay amounts

distributable or payable to Trooien to Plaintiffs until the Judgment is satisfied should not be

entered.  Trooien does not explain why, in light of those conditions, the requirements for

personal jurisdiction are not met.  To the extent any Entity disputes the Court's jurisdiction, the

Entity may make that argument, with citation to supporting authority, at or in advance of the

September 2 hearing.

**B.      Earnings exemptions**

Trooien objects to entry of a charging order to the extent that his right to distributions

"may be exempt as earnings" pursuant to Minn. Stat. § 550.37, subds. 1, 13 (2008), and Del.

Code Ann. tit. 10, § 4913 (2010).  A charging order does not deprive a judgment debtor of the

benefit of any applicable exemption laws.  Del. Code Ann. tit. 6, § 18-703(c); Minn. Stat.

§§ 321.0703(d), 322B.32, 323A.0504(d).  However, "[t]he burden of establishing that funds are

exempt rests upon the debtor."  Minn. Stat. § 550.37, subd. 20; *see also* 35 C.J.S. *Exemptions*

§ 199 ("The burden of proving that property of the debtor is exempt rests upon the party

asserting the exemption.").  Trooien submitted no evidence indicating what portion, if any, of his

distributions from the Entities are earnings.  Should Trooien seek to limit the charging order

based on any exemptions, he shall present supporting evidence in advance of or at the September

2 hearing.

**C.**     **The Court's discretion**

Finally, Trooien maintains that charging orders are permissive and asks the Court to limit

the scope of the charging order to those Entities that are judgment debtors in this case.  Trooien

asserts that entry of a charging order as to the non-debtor Entities would negatively affect their

business operations, place them in default with their creditors, interfere with his ability to pledge

his partnership or membership interests in them to other creditors, and generally impair his

ability to enter into forbearance and workout agreements with other creditors.

"After the entry of a charging order, the debtor partner continues to be a partner and

retains all rights and obligations of a partner except the right to receive partnership distributions

until the creditor has been paid its judgment and interest thereon.  The creditor is not an assignee

of the partnership interest, and is not entitled to participate in the management of the

partnership."  J. William Callison & Maureen A. Sullivan, *Partnership Law & Practice* § 7:20

(2009) (footnote omitted).  Similarly, "judgment creditor status does not give a nonmember

creditor any right to become a member of a limited liability company or to exercise governance

rights."  Minn. Stat. Ann. § 322B.32 cmt. (1992).  Consequently, entry of a charging order will

not interfere with the daily operation and management of the non-debtor Entities.  The Judgment

entered six months ago—in an amount exceeding $17 million—remains wholly unsatisfied, and

Trooien admits that his interests in the debtor Entities have no value and are not expected to have

any value in the future.  Trooien also admits that many of the non-debtor Entities are already in

default.  In view of these facts, the possibility that entry of a charging order as to the non-debtor

Entities might place them in default or impair their and Trooien's relationships with other

creditors does not persuade the Court to limit the charging order to the debtor Entities.

Plaintiffs' motion for a charging order is granted.[3]

### III.    CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.    Plaintiffs' Motion for Charging Order [Docket No. 29] is GRANTED.

2.    The individual interests of Gerald L. Trooien in the Entities are subjected to an encumbrance, a lien, and a charging order in favor of and for the benefit of Plaintiffs for payment of the Judgment dated December 21, 2009.  Plaintiffs, having acquired a lien against Trooien's interests in the Entities pursuant to this Order, are each deemed a "lien creditor" within the meaning of Minn. Stat. § 336.9-102, subd. 52 (2008), with respect to Trooien's interests in the Entities.

3.    Plaintiffs shall serve a copy of this Order on each Entity through its registered agent or another party authorized to accept service on behalf of the Entity.

4.    Within fifteen days from the date this Order is served on an Entity, that Entity shall file with the Court and serve on Plaintiffs a sworn answer reporting all amounts distributable or payable to Trooien, at the time of service of this Order, attributable to his interest in such Entity.  The sworn answer shall also state the value, at the time of service of this Order, of both the capital and the income accounts attributable to the interest of Trooien in such Entity.  At all subsequent times that such amounts become

---

[3]    Trooien also contends that the appointment of a receiver would be inappropriate. Plaintiffs have not moved for a receiver.  The Court will determine whether appointment of a receiver is appropriate if and when Plaintiffs make any such motion.

distributable or payable to Trooien, the Entity shall file with the Court and serve on Plaintiffs a sworn answer reporting such amounts and the value of both the capital and income accounts attributable to the interest of Trooien in such Entity within fifteen days after the amounts become distributable or payable.

5.      Each Entity served with a copy of this Order shall appear before the Court at a hearing set for Thursday, September 2, 2010, at 11:00 a.m. in Courtroom 12W of the United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for the purpose of showing cause, if any, why an order of the Court should not be entered requiring each such Entity to pay over to Plaintiffs, until the entire balance on the Judgment is satisfied, such amounts as may from time to time become distributable or payable to Trooien by reason of his interest in that Entity.

6.      At or in advance of the September 2 hearing, Trooien and each Entity served with a copy of this Order shall produce to Plaintiffs a copy of the organizational documents of such Entity including any bylaws, member control agreement, contribution agreement, resolutions, buy-sell agreement, and any other agreement that may in any way affect the interest of Trooien as a partner, a limited partner, a member, or an owner of an interest in such Entity, along with evidence of the value of the capital and income accounts attributable to the interest of Trooien and the financial statements of the Entity and all tax returns filed in connection with the Entity for the most recent three years.

7.      The Court reserves jurisdiction to enter further orders as may be necessary, including, but not limited to, appointment of a receiver or foreclosure of Plaintiffs' liens granted by this Order.

Dated:  July 28, 2010

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge