UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GENERAL ELECTRIC CAPITAL )
CORPORATION, a Delaware corporation, and )
GECPAC INVESTMENT II, INC., a Delaware )
corporation, )
 )
    Plaintiffs, )
 )
v. ) Civil No. 09-1200 (JNE/AJB)
 ) ORDER
JLT AIRCRAFT HOLDING COMPANY, )
LLC, a Minnesota limited liability company, )
AIRCRAFT NO. 1074 COMPANY, LLC, a )
Minnesota limited liability company, and )
GERALD L. TROOIEN, an individual and )
citizen of Minnesota, )
 )
    Defendants. )

This matter came before the Court for a hearing on September 2, 2010, pursuant to the July 28, 2010, Order [Docket No. 44] granting Plaintiffs General Electric Capital Corporation and GECPAC Investment II, Inc.'s Motion for Charging Order against Defendant Gerald L. Trooien's interests in the following business entities (collectively, Entities, and each individually, Entity):

1. Kennedy Building Associates, a Minnesota general partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

2. 676 Bielenberg Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

3. Revenue Building Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

4. River Properties of St. Paul Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

5. Midway Warehouse Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

6. JLT Mobil Building Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

7. Trooien & Associates Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

8. Summit Aircraft Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

9. Minnesota Choice Aviation II, Limited Partnership, a Minnesota limited partnership, with a registered office located at 3080 Centerville Rd., Little Canada, MN, 55117;

10. Minnesota Choice Aviation III, Limited Partnership, a Minnesota limited partnership, with a registered office located at 3080 Centerville Rd., Little Canada, MN, 55117;

11. Bren Road, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

12. Shepard Road Acquisition Company, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

13. Shepard Road Holding Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

14. Alexandra & Associates, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

15. Alexandra & Associates, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

16. TEAM PARKING, L.L.C. f/k/a Park 'n Jet, LLC, a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

17. 3200 Como Assoc., LLC, a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

18. Hiawatha Acquisitions, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

19. TriTech .67, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

20. TriTech 1.08, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

21. North Prior, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

22. JLT East River Road, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

23. Fillmore & State Holding Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

24. Battle Creek Lake Acquisition Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

25. Century & Lake Holding, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

26. North Tamarack Associates, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

27. West-Biel 15.5, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

28. JLT Aircraft Holding Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

29. JC Membership Investment Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

30. Minnesota Choice Aviation II, LLC, a Minnesota limited liability company, with a registered office located at 3080 Centerville Rd., Little Canada, MN 55117; and

31. Minnesota Choice Aviation III, LLC, a Minnesota limited liability company, with a registered office located at 3080 Centerville Rd., Little Canada, MN 55117.

Paul L. Ratelle, Esq., and Megan M. Kennedy, Esq., Fabyanske Westra Hart & Thomson, PA, appeared for Plaintiffs. Douglas W. Kassebaum, Fredrikson & Byron, PA, appeared for Defendants and twenty-seven of the Entities (numbered above as entities 1-8 and 11-29). Minnesota Choice Aviation II, Limited Partnership; Minnesota Choice Aviation III, Limited Partnership; Minnesota Choice Aviation II, LLC; and Minnesota Choice III, LLC, did not appear.

Upon service of the July 28 Order on each Entity, each Entity filed with the Court and served upon Plaintiffs sworn answers. However, each Entity failed to provide in its answer a

3

report of all amounts distributable or payable to Trooien and the value of both the capital and income accounts, attributable to his interest in such Entity, *at the time of service of the July 28 Order*. Instead, the answers for the Entities as to which Trooien signed[1] stated the value of the capital account attributable to the interest of Trooien in such Entity as of *December 31, 2009*, and the value of the income account attributable to the interest of Trooien in such Entity as of *December 31, 2008*.

At or in advance of the September 2 hearing, Trooien and each Entity served with a copy of the July 28 Order was required to produce to Plaintiffs:

> [A] copy of the organizational documents of such Entity including any bylaws, member control agreement, contribution agreement, resolutions, buy-sell agreement, and any other agreement that may in any way affect the interest of Trooien as a partner, a limited partner, a member, or an owner of an interest in such Entity, along with evidence of the value of the capital and income accounts attributable to the interest of Trooien and the financial statements of the Entity and all tax returns filed in connection with the Entity for the most recent three years.

[Docket No. 44.] As of the date of the hearing, Plaintiffs have not had sufficient time to determine whether the Entities have provided all of the documents as ordered by the Court.

Before the scheduled hearing, each Entity, by its counsel, filed with the Court a letter stating that it did not object to the entry of an order by this Court as contemplated in the July 28 Order. [Docket Nos. 49 and 51.]

Based on the file, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Each Entity is hereby required to pay over to Plaintiffs, each a lien creditor within the meaning of Minn. Stat. § 336.9-102, subd. 52 (2008), with respect to Trooien's interest in that Entity, until the entire balance on the Judgment is satisfied, such amounts as may from time to time become distributable or payable to Trooien by reason of his interest in that Entity pursuant to the

---

[1] The affidavits of Minnesota Choice Aviation II, LLC, and Minnesota Choice Aviation III, LLC, were signed by David N. Kloeber, Jr. [Docket No. 47.]

encumbrance, lien, and charging order in favor of and for the benefit of Plaintiffs and payment of the Judgment dated December 21, 2009.

2. At all subsequent times that such amounts described in paragraph 1 become distributable or payable to Trooien, each Entity shall file with the Court and serve on Plaintiffs a sworn answer reporting such amounts and the current value of both the capital and income accounts attributable to the interest of Trooien in such Entity within fifteen days after the amounts become distributable or payable.

3. Within fifteen days from the date of this Order, each Entity shall file with the Court and serve on Plaintiffs an amended sworn answer reporting all amounts distributable or payable to Trooien and the value of both the capital and income accounts attributable to the interest of Trooien in such Entity as of August 31, 2010.

4. To the extent not produced to Plaintiffs as of September 2, 2010, each of the Entities shall produce, no later than fifteen days from the date of this Order, to Plaintiffs through their counsel, a copy of the organizational documents of such Entity including, any bylaws, member control agreement, contribution agreement, resolutions, buy-sell agreement and any other agreement that may in any way affect the interest of Trooien as a partner, a limited partner, a member, or an owner of an interest in such Entity, along with true evidence of the value of the capital and income accounts attributable to the interest of Trooien and the financial statements of the Entity and all tax returns filed in connection with the Entity for the most recent three years.

5. The Court reserves jurisdiction to enter all further orders against the Entities as may be necessary to facilitate collection of all amounts distributable or payable to Trooien by reason of his interest in any Entity pursuant to the encumbrance, lien, and charging order granted in favor of and for the benefit of Plaintiffs under the Order, including, but not limited to, appointment of a receiver, foreclosure of Plaintiffs' liens granted by such Order, or the requirement that any Entity provide information including, without limitation, financial statements of the Entity and tax returns filed in connection with the Entity.

Dated: September 2, 2010                    s/ Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge